(55 Misc. Rep. 119.)

### HALE et al. v. JENKINS.

(Supreme Court, Special Term, Essex County. June, 1907.)

1. DEEDS—TITLE CONVEYED—RESERVATIONS.
   Where fee of land over which the grantor claimed a right of way was conveyed to the grantee, it vested in him absolute ownership of the right of way, except as restricted by a reservation in the deed.

2. EASEMENTS—OBSTRUCTIONS.
   Where plaintiff conveyed a fee of certain land, reserving to himself a right of way over the same, defendant could place no obstruction upon the right of way which would interfere with its reasonable use by plaintiff, nor could plaintiff interfere with any use of the strip by the defendant, not interfering with his free passage.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 17, Easements, §§ 120–125.]

3. INJUNCTION—DISMISSAL.
   Where an action is brought to enjoin the grantee from obstructing a right of way reserved to his grantor, and from using a hotel barn so as to be a nuisance, and after the action was brought the causes of complaint were removed, defendant is entitled to a judgment dismissing the complaint, but without costs.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Injunction, § 279.]

Action by Harry Hale and others against George W. Jenkins. Judgment for defendant.

Pyrke & Dudley, for plaintiffs.
Frank B. Wicks, for defendant.

VAN KIRK, J. This action is brought to procure an injunction perpetually enjoining the defendant from obstructing a certain right of way belonging to the plaintiffs; also from using a hotel barn in such manner as to be a nuisance to the plaintiffs and their property. In 1873 there was a hotel property, with hotel building and barn on premises, in the village of Elizabethtown and on the southerly side of Maple avenue. These premises belonged to Robert S. Hale, the father of the plaintiffs, and did belong to him while such hotel business was being carried on and the barn in use for hotel purposes. In December, 1873,

Robert S. Hale deeded to Betsey C. Sherburne a part of said premises, across which the right of way in question extends. These premises adjoined the Lamson property, on the westerly side thereof. The hotel building was moved to its present location on the premises conveyed to Betsey Sherburne, and so placed that, between the easterly side of the building and the westerly line of the Lamson lot, there was a passageway fourteen feet in width. In the deed from Hale to Sherburne is this provision:

"Reserving to said Hale, his heirs and assigns, a right of way across the premises hereby granted from the highway adjacent to said Lamson's premises to the barn and premises now occupied by said Hale."

This passageway between the Lamson line and the hotel building was continued across the Sherburne lot to the Hale premises where two gates were constructed, a large gate 11 feet in width and a small gate about 3 feet in width. This passageway has been used by both parties since the time of said deed, and as a right of way has been acquiesced in by both parties; and the right of way reserved in the deed is over the said 14-foot strip. The moving of the hotel building necessitated the moving of the hotel barn, which had formerly occupied the spot now occupied by the hotel building. The barn was placed near the southerly line of the lands conveyed to Betsey C. Sherburne and on the westerly side of the said 14-foot strip. The barnyard is on the southwesterly side of the barn, and is between the barn and the line of the Hale premises.

The plaintiffs complain, first, that the said right of way has been obstructed by wagons allowed to stand therein, by the construction of a carriage rack for washing carriages, by sawdust and ashes. They also claim that the barnyard is a nuisance, because it is offensive in the odors coming therefrom to the dwelling house and office on the plaintiffs' premises, and also because liquids, colored and tainted by manure, are allowed to flow therefrom on to the plaintiffs' premises.

As to the right of way: The fee of the land over which the right of way passes belongs to the defendant, the grantee by mesne conveyances of Robert S. Hale. This grant vested in the defendant the absolute ownership of this right of way, except as restricted by the reservation, which reservation, being in favor of the grantor, is to be construed most strongly against him. Grafton v. Moir, 130 N. Y. 465, 29 N. E. 974, 27 Am. St. Rep. 533. The width of this right of way was not defined in the reservation in the deed, but the acquiescence of the parties has designated a strip about 14 feet wide as a convenient passageway for both parties. The defendant has a right to use it as a right of way to and from his premises; and he has a right to use this land which he owns in any way he sees fit, provided he does not unreasonably interfere with the rights of the plaintiffs. The plaintiffs are entitled to a reasonable and convenient right of way to their premises from Maple avenue over this 14-foot strip. 130 N. Y. 471, 29 N. E. 974, 27 Am. St. Rep. 533. It was not contemplated that this should be the principal or general approach to the office or residence on plaintiffs' premises. It was to be a free passageway for persons or horses and wagons. It was never contemplated that there should be a paved driveway or

separate sidewalk over this right of way. The defendant cannot place any obstruction upon this right of way which would interfere with its reasonable use by the plaintiffs; nor can the plaintiffs interfere with any use of this 14-foot strip by the defendant which does not interfere with their free passage. A few shovelsful of sawdust, which the evidence shows fell from the doorway of the icehouse adjoining this right of way, would not be an unreasonable interference; nor is the portion of an ash pile, the base edge of which during the course of the winter extended out a foot or two upon this 14-foot strip, unreasonable interference. There is no proof in the case that, at any time, the plaintiffs or any of their agents or employés have been obstructed or interfered with in their attempt to cross this right of way. I find nothing in the evidence which would justify the court in holding that the defendant, at the time of trial, was interfering with the reasonable use of this right of way by the plaintiffs or their servants.

As to the barnyard: The defendant is the owner by mesne conveyances of his premises in question from the predecessor in title of the plaintiffs. Defendant has the right to maintain a hotel and barn on the said premises. To use this barn for the stabling of horses is a lawful use. When defendant purchased these premises from Mr. Robert S. Hale, it was contemplated that they should be used for hotel purposes, as a portion of them had been. The ownership of such property involves the right to use and enjoy the benefit of it in a reasonable manner, with due regard for the rights of neighbors. Not every use of the premises which might disturb or annoy a neighbor is an actionable nuisance. The question would seem to be whether or not defendant's manner of use of his barn and barnyard, at the time of the trial, was a violation of plaintiffs' rights, having regard to time, place, and circumstances. Undoubtedly such inconsiderate use of a barn may be made as to constitute an actionable nuisance, but the court cannot recognize a rule which would hold that barns cannot be used on private property in villages for stabling horses and cows. Such a rule would interfere with the uniform practice in villages. Allowing manure to accumulate, steam, and rot to such an extent as to render the use of adjoining premises uncomfortable and to fill the air with disagreeable odors, or to allow surface waters from the barnyard, discolored and saturated with manure, to run repeatedly or constantly upon a neighbor's premises, would be an actionable nuisance. One who invokes equitable relief submits to the rules governing equity courts, in which such relief is granted as the nature of the case and the facts at the close of the litigation demand. Peck v. Goodberlett, 109 N. Y. 180, 16 N. E. 350. The fact that a preliminary injunction has been issued during the pendency of the action in no way affects the decision upon the merits at the trial. The plaintiff must still bear the burden of proof to maintain the issues joined. From the evidence in the case disclosing the conditions at the time of the trial, it plainly appears that the defendant may use his right of way and his barnyard in such manner that it will not constitute an actionable nuisance. Booth v. Rome, Watertown & Ogdensburgh R. R. Co., 140 N. Y. 267, 35 N. E. 592, 24 L. R. A. 105, 37 Am. St. Rep. 552. As conditions appear at the time of the trial, I cannot hold that a right of action in the plaintiffs is shown, and the permanent

injunction asked for must be denied. Costs, however, will not be allowed to the defendant. He has, since the action began, removed the carriage rack, and has exercised more care in removing the manure, etc., from the barnyard than formerly, so that the same conditions do not exist as when the action was begun. Without holding that these changes made by the defendant constitute an admission of liability by the defendant because of his then use of the premises in question, these changes are a recognition that he might have made them before the action was begun. The defendant is entitled to a judgment dismissing the complaint, because the facts existing at the time of the trial fail to show that the action was maintainable, but without costs.

Judgment for defendant, without costs.