BROWN v. COLE.

(Supreme Court, Trial Term, Fulton County. June, 1907.)

1. INJUNCTION—DISMISSAL—OCCASION FOR RELIEF CONCLUDED.

On the final hearing of a complaint for a permanent injunction to restrain the county committee of a political party from putting in force certain rules for enrollment for primary elections, where it appears that the time during which the defendant was alleged to have threatened to put the rules for enrollment in force had passed, and that the primaries had been conducted in the usual way, and neither party claims to have any present interest in the alleged cause of action, and it does not appear that the rules objected to are in force, or that defendant now threatens to enforce them in the future. and at the time of trial no cause of action is shown and no cause for complaint exists, the complaint must be dismissed.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Injunction, § 20.]

2. ELECTIONS—PRIMARY ELECTIONS—REGULATION.

The provision of the primary election law (Laws 1899, p. 968, c. 473) and the town enrollment act (Laws 1902, p. 488, c. 195), do not affect a county where sections 14 and 1 respectively thereof, stating the conditions when they shall apply, have not been complied with, but sections 50 to 55, inclusive, of the election law (Laws 1896, p. 920, c. 909), relating to the conduct of primary elections, applies to the primaries of a county that has not complied with the special provisions of the other laws.

3. SAME—RIGHT TO VOTE AT PRIMARY ELECTIONS.

Every voter has the right to vote at the primaries of his party, and he cannot be deprived of this right, but will be protected in it by the courts.

4. SAME—QUALIFICATION OF VOTERS—AUTHORITY TO FIX QUALIFICATIONS.

Election Law, Laws 1896, p. 922, c. 909, § 53, declares that no one is entitled to vote at a primary unless he is qualified to vote at the election of the officers to be nominated thereat and that voters at a primary shall possess such other qualifications as shall be authorized by the regulation and usages of the political party holding it. Held, that the regulations of the party, so referred to, must be regularly adopted by the county convention, or by a committee duly authorized by such convention, and the requirements as to qualifications cannot be in conflict with any provisions of statute.

5. SAME—RIGHT TO ADOPT SYSTEM OF ENROLLMENT.

A county convention may adopt a primary enrollment act, especially if the delegates chosen at regular primaries are authorized to that end.

6. SAME—LIMITATIONS ON RIGHT TO FIX QUALIFICATIONS.

Though the ultimate authority to provide rules and regulations fixing the qualifications of voters at county primaries rests in the voters of the party, a majority of whom may make the rules, they must keep within the election laws, and cannot exclude a party voter at the next election from voting at the primaries.

7. SAME—ULTIMATE DETERMINATION OF RIGHT TO VOTE.

The enrolling board for a party primary may not determine whether an applicant can be enrolled, though they may require him to qualify under oath; but, if he does qualify under oath, he must be enrolled.

8. COSTS—EXTENT OF RIGHT—DISMISSAL OF INJUNCTION SUIT RIGHTFULLY COMMENCED.

Where a proposed plan for enrolling voters for a primary election is illegal, no costs will be allowed on the final hearing of a suit to enjoin putting the plan in force, though the action is dismissed by the court because of conditions existing at the time of such final hearing.

Injunction proceedings by Asa J. Brown against John A. Cole. On final hearing. Dismissed without costs.

See 104 N. Y. Supp. 109.

VAN KIRK, J. This is an action brought by the plaintiff, who is a Republican voter in the county of Fulton, against the chairman of the Republican county committee, to have certain rules and regulations alleged to have been adopted by the Republican county committee for the conduct of the party primaries declared illegal and void; that the defendant Cole and the county committee be perpetually enjoined from putting into operation the said rules and regulations, and from committing any act or thing in reference to the enrollment therein provided for; and that an order be granted that, during the pendency of the action, the defendant be enjoined. An injunction (104 N. Y. Supp. 109) during the pendency of the action was granted, and upon a motion to vacate and modify this injunction Mr. Justice Spencer has denied the motion to vacate, and with certain modifications has allowed the injunction to stand.

Upon the trial of the action it appeared that the time during which the defendant was alleged to have threatened to do certain acts claimed to be unlawful has passed, that at the primaries there was no effort to put into operation the rules and regulations providing for the enrollment of the voters, and that the primaries were had and conducted in the usual form and according to the usages of the party. Neither party claims that he has any interest whatever in the alleged cause of action at the time of trial and it does not appear that anything has been done, set forth in the complaint, which infringed upon the rights of any Republican voter in the county of Fulton; nor does it appear that the parties claim that the rules and regulations objected to are in force, or that the defendant threatens to enforce the said rules, regulations, and enrollment in the future. Therefore, at the time of trial, no cause of action has been shown and no cause of complaint exists. The complaint must be dismissed. Peck v. Goodberlett, 109 N. Y. 180, 16 N. E. 350.

While I realize that the questions suggested in the complaint, if the defendant had attempted to enforce the rules and regulations complained of, or even threatened at some future time to enforce them, would raise questions of large importance to the Republican voters of Fulton county, nevertheless the fact remains that such questions are not before the court, and the court is not justified in stating abstract propositions, having no connection with the evidence or facts in the case, for the government of individuals or committees in case at some time in the future facts might arise which would require determination by the courts. The complaint must be dismissed, but without costs.

At the time the action was begun the defendant was promulgating rules requiring an enrollment of the Republican voters in Fulton county, some of which were improper and beyond the power of the county committee or the convention to enforce. The primary election law (Laws 1899, p. 968, c. 473) does not affect Fulton county, the requirements of paragraph 14 of the election law not having been complied with; nor does the town enrollment act (Laws 1902, p. 488, c. 195) apply, because paragraph 1 of that act has not been complied with; but Election Law, paragraphs 50 to 55, inclusive (Laws 1896, p. 920, c. 909), are applicable.

Party primaries are now recognized by statute. Each voter in the party has the right to vote at the primaries of that party. Of this right he cannot be deprived, and he will be protected by the courts in this right. Every Republican voter in Fulton county who is qualified under paragraph 53 of the election law has the right to vote in a Republican primary in his town or voting district. The requirements of paragraph 53 are as follows: He must be qualified to vote for the officers to be nominated at the primary on the day of election. He shall also possess such other qualifications as shall be required by the regulation and usages of the Republican party of Fulton county. The requirements of the party must be regularly adopted by the county convention or by a committee duly authorized by such convention; and the requirements as to qualifications cannot be in conflict with any provision of the statute.

I am not prepared to say that the county convention of the party cannot authorize and enforce an enrollment of Republican voters for the purposes of the primaries of Fulton county. Indeed, I think a county convention, especially if the delegates chosen at the regular primaries are authorized to that end, can adopt an enrollment act. The ultimate authority is in the Republican voter, and a majority of those voters may provide the rules and regulations which shall fix the qualifications of the voters at the party primaries, always keeping within the election law. The rules, however, cannot be such as will exclude a Republican who intends to vote for the candidates of the Republican party at the next election from voting at the primaries. Nor can it be left to a majority of or an unanimous vote of the enrolling board to say whether or not a man may be enrolled. The regulations may provide that the applicant must qualify under oath; but, if the applicant for enrollment does qualify under oath, he must be enrolled and allowed to vote as at an election. If, under oath, he makes false statements, his punishment must be other than refusing to enroll him.

The proposed plan of enrollment set forth in the complaint was illegal, so that, although the complaint must be dismissed, because the facts disclosed in the evidence and existing at the time of the trial require it, still, because the plan of enrollment proposed, published, and then abandoned was illegal, no costs are allowed.