Shohl, P. J.
On March 14, 1917, the council of the city of Cincinnati passed ordinance No. 96-1917, pertaining to the street railway franchise and the operation of the rapid transit loop authorized by said ordinance to be constructed by the Board of Rapid Transit Commissioners. It provided that a special election should be held on Tuesday, April 17, 1917, of which due notice was to be given as required by law. The project, submitted to the voters at said election, prevailed. On the day after the passage of the ordinance, the plaintiff, a taxpayer of the city of Cincinnati, requested the city solicitor, in writing, to bring an action to enjoin the proposed street railway franchise. The city solicitor refused to bring the action, and, on March 21, 1917, the plaintiff filed his petition in the court of common pleas. After the election, the plaintiff, on April 26, 1917, filed an amended and supplemental petition, but without making a new request upon the city solicitor to bring the action. The defendants, the city of Cincinnati, the Board of *434 Rapid Transit Commissioners, and the traction companies, filed answers in which they admitted that it was their intention to carry out the provisions of the franchise established by the ordinance and vote, and the contract entered into pursuant thereto.
Before the case came to trial, on June 18, 1917, John V. Campbell, the prosecuting attorney for Hamilton county, filed an action in quo warranto in the supreme court of Ohio against the same parties who were defendants in the taxpayer’s suit, and, on March 5, 1918, the supreme court of Ohio rendered judgment in favor of the plaintiff in the action in quo warranto, enjoining the carrying out of the terms of ordinance No. 96-1917. (State, ex rel., v. Cincinnati St. Ry. Co., 97 Ohio St., 283.)
Thereafter, on May 3, 1918, the city of Cincinnati filed an amended and supplemental answer wherein it alleged all the facts in connection with the suit by the prosecuting attorney, and alleged that the supreme court had rendered judgment in favor of John V. Campbell as prosecuting attorney, ousting the defendants from the franchise, rights, privilege and authority unlawfully assumed, usurped and abused by them under and by virtue of said ordinance No. 96-1917 and the contract and agreements entered into pursuant thereto. Further answering, the defendant city of Cincinnati alleged that it was obeying the writ issued by the supreme court of Ohio, and denied that it was now attempting to or threatening to carry out any of the provisions of ordinance No. 96-1917, or the contract or agreements made thereunder. No reply was filed by plaintiff and the allegations of the *435 amended and supplemental answer stand admitted..
Plaintiff. contends that he is now entitled to^aj judgment enjoming the defendants and eachjaofl them from carrying out the terms of the ordinance! and the contract, and further asks that as part of the costs that he be allowed a reasonable attorney’s! fee.
This cause is now Heard on appeal by the city from the judgment of the court of common pleas; and, under the constitution of Ohio, the parties are entitled to a hearing de novo.
It is contended on behalf of the plaintiff that inasmuch as he had a right of action at the time of the filing of the petition and answer, he is entitled to a judgment herein, irrespective of what may have supervened, and without regard to the conditions that are now presented to the court.
Chancery speaks in the present tense and issues its relief as of the day of the decree. Continental Securities Co. v. Interborough Rapid Transit Co., 207 Fed. Rep., 467, 471.
If the relief prayed for will not avail the plaintiff at the time the court renders its decision, a decree in his favor will not ordinarily be granted. See Miner v. Witt, City Clerk, 82 Ohio St., 237, and Biederman, a taxpayer, etc., v. Bell (decided by this court, March 29, 1915, by Judges Chittenden, Richards and. Kinkade).
The mere discontinuance by the defendant of his wrongful or illegal acts will not necessarily defeat the right of plaintiff to an injunction. Piano & Organ Workers’ International Union of America v. Piano & Organ Supply Co., 124 Ill. App., 353; Majenica Telephone Co. v. Rogers, 43 Ind. App., *436 306; Pacific Mutual Tel. Co. v. Chicago & Atchison Bridge Co., 36 Kans., 118; Patterson v. Barber Asphalt Paving Co., 94 Minn., 39; Roberts v. Louisville, 92 Ky., 95, and United States v. Workingmen’s Amalgamated Council, 54 Fed. Rep., 994.
In the exercise of a discretionary power, where the conditions require it, the court may grant an injunction although the defendant may have abandoned his intention to commit a wrongful act. See Reynolds v. Everett, 144 N. Y., 189.
An apt illustration is the decision of Davis v. Berry et al., 216 Fed. Rep., 413. In that case a statute provided that a certain operation should be performed upon prisoners who had been twice convicted of felony and an order for such operation had been issued against complainant Davis. Thereafter, the board of parole rescinded the order, on the advice of the attorney general, and it was then urged that the injury no longer threatened the complainant. The court held that the opinion of the attorney general was advisory only and was not binding on the defendants, nor their successors, as it was the duty of an officer to follow the mandates of the statute; that there was a presumption that the statute would be observed and irreparable injury done to complainant. A restraining order was granted. That decision, like that of Williams v. Boynton, 147 N. Y., 426, is an instance of the performance by an officer of a duty alreadjr commanded by an apparently competent authority, the regularity of which it was not the duty of the officer to investigate. The court said that it required no threat to establish the danger appre *437 hended. The act was more certain to be done than one merely threatened by a person under no obligation at all.
In the absence of exceptional circumstances, in equitable actions, the right to judgment or decree is not limited to the facts as they existed at the commencement of the action, but the relief administered is such as the nature of the case and the facts as they exist at the close of the litigation demand. An injunction will not be granted where at the time of the hearing conditions have so changed that no unlawful act is threatened. Continental Securities Co. v. Interborough Rapid Transit Co., 207 Fed. Rep., 467; Sherman v. Foster, 158 N. Y., 587; Pond v. Harwood, 139 N. Y., 111, 120; Peck v. Goodberlitt, 109 N. Y., 180; Union Bag & Paper Co. v. Allen Bros. Co., 107 N. Y. App., 529, 539; Hale v. Jenkins, 106 N. Y. Supp., 282; Brown v. Cole, 105 N. Y. Supp., 196; Boone v. Von Arx, 4 Alaska, 716, and Grand Trunk Ry. Co. of Canada v. Michigan Railway Commission, 198 Fed. Rep., 1009, 1022. See note to Alsager v. Peterson, 31 S. D., 452, in 38 Ann. Cases, 1915D, and cases therein cited, and 16 Am. & Eng. Ency. Law, 431.
In the case at bar, before this cause was presented to the court for decision, there was a binding judgment by the court of last resort determining that the agreements in question were void. It was between substantially the same parties as those in this case. Unlike the situation presented in Davis v. Berry, supra, there is no apprehension that the defendants will attempt to carry out the *438 ordinance, the invalidity of which has been conclusively established and the performance of which has been prohibited. The city requires no further decree to protect its interest. To paraphrase the decision in Continental Securities Co. v. Interborough. Rapid Transit Co., 207 Fed. Rep., 467, 471, the obnoxious franchise is dead and the supreme court has written its epitaph. There is not even a moot question for determination by this court. The plaintiff is not entitled to a decree.
Inasmuch as judgment is not rendered in favor of the taxpayer, the court is without power under Section 4316, General Code, to allow compensation to plaintiff’s attorney as part of the costs. The action was- undoubtedly brought in good faith, and this court in the exercise of its discretion orders that all taxable costs shall be assessed against the city and in favor of the plaintiff. The plaintiff by bringing his action would have procured a benefit to the city had no other action intervened rendering the further prosecution of the suit unnecessary. He is in no better position in regard to services rendered by him than he would have been, if, after an examination of the law, requiring labor and skill, and after a presentation of his views to the city solicitor, that official had brought an action on behalf of the city. It is not contended that such conduct, though meritorious and beneficial, would have entitled him to compensation by the city under those circumstances.
This conclusion makes it unnecessary to consider the contention of the city that plaintiff did not renew his request of the city solicitor prior to filing the amended petition.
*439 Decree for defendants at defendants’ costs, but without attorney’s fees.

Decree for defendants.

■Hamilton and Cushing, JJ., concur.