**ANTOL et v DAYTON MALLEABLE IRON COMPANY**

Ohio Appeals, 2nd Dist, Montgomery Co

No 1595. Decided July 15, 1941

Jake Deutsch, Dayton, for plaintiff-appellant.

Warren A. Ferguson, Dayton, for defendant-appellee.

**OPINION**

By GEIGER, PJ.

This matter is before this court on appeal on questions of law and fact from a final order heretofore made by the court of common pleas. It is not necessary to recite in detail the allegations of the second amended petition except generally to state that it alleges causes of action against the defendant for nuisances arising out of the operation of defendant's factory near plaintiff's property. The plaintiff alleges that the defendant, unless restrained, will continue to operate its plant to the impairment of plaintiff's

personal and realty rights, and prays that defendant be restrained from in any way operating its plant to the impairment of the plaintiff's rights. Plaintiff seeks judgment in the sum of $10,000.00.

Upon hearing, the court below, under date of May 29, 1939, found to the effect that the evidence fails to support the allegations of the petition and that no nuisance in fact existed at the time of the rendition of the court's decision and that no injunction should issue and further that the plaintiffs have not sustained any damages susceptible of calculation in money and upon hearing as to whether or not the nuisance that had existed at the time the petition was filed had been eliminated, the court finds that this had been done before the court's decision was rendered; that the plaintiffs should be allowed nominal damages in the sum of $5.00.

On August 17, 1939, a final entry was filed in which the court found that the defendant had committed a nuisance in one respect only by emitting smoke onto plaintiff's property from its annealing oven; that the defendant has completely abated said nuisance and that consequently no injunction or order should issue against the defendant.

To this order the notice of appeal was filed.

The case was filed in this court August 27, 1939 and on September 27, 1939, the court rendered an opinion on an application for a temporary retraining order to the effect that the evidence discloses that there has been a prima facie showing of damages but that the court does not wish to impose a burden upon the defendant on the application for a temporary restraining order and the court therefore refrains from making a temporary order and suggests that pending the hearing the defendant make serious efforts to correct the evils complained of and that if the nuisance is not abated at the time the court hears the case on its merits the court will be compelled to make an order restraining the defendant from committing further nuisances.

Before and after this hearing the defendant sought to correct the evils complained of and made certain changes in the operation of its factory looking to the elimination of the objectionable features so far as the plaintiff's property was concerned, among which was the installation of an arrester designed to prevent the dust and smoke from being emitted onto the premises of plaintiff.

The plaintiff in order to support his allegations took testimony of several witnesses on December 27, 1940. Among these witnesses was Mr. Antol, the plaintiff, who was cross-examined, and on page 51 being asked, "Since that arrester has been put on you have not had any coal dust have you?" to which he answered "No".

"Q. Has that coal dust arrester done away with or eliminated this coal dust situation that you complain about?

A. Yes, it became better.

Q. Did it eliminate that trouble?

A. It still comes out sometime, but not much.

Q. Doesn't do any harm?

A. No.

Q. It hasn't for more than a year?

A. Since they put that in there is no real trouble.

Q. The oily black smoke you testified about a little while ago, that condition has not bothered you since that annealing oven was torn down in 1937?

A. Absolutely not.

Q. So that at the present time and for the last year past, one year past, you have nothing to complain about out there at all as far as the operation of the Malleable Plant is concerned.

A. No."

At the close of plaintiff's testimony, the appellee moved the court to dismiss the appeal on law and fact for the reason that there is no evidence in the record of any condition now existing for which the plaintiff is entitled to equitable relief.

This motion is opposed by plaintiff who argues that even though the dust nuisance is now abated, for several years prior to the commencement of the suit the company had caused dust to be thrown upon the appellant's premises and that for a long time after the suit was brought and until the matter was heard in this court on the application for a temporary restraining order, the objectionable features had continued and that only after this court had spoken was there an attempt to correct the matter complained of. Appellant then presents the argument that some time in the future the company may so deport itself as to cause the matters complained of to be again put in operation. On the other hand, it is argued by counsel for appellee that inasmuch as substantially all matters that were complained of at the inception of the suit have been corrected that there now exists no cause why the court should grant an injunction. The matters having been corrected injunctive relief is not necessary nor proper.

Counsel cite a number of cases but the authority which especially appeals to us is **O. Jur. Vol. 21, P. 993, §10,** and the cases there cited. The citation is to the effect that the extent and nature of the relief granted by the court of equity will be determined by the ▆▆▆▆▆▆ ▆ facts as they exist at the time of the decree and not, as at law, according to those existing at the inception of the litigation. Even though there may have been a right to an injunction as matters stood at the institution of the action, an injunction will not be granted if at the time of the hearing conditions are so changed that no unlawful act is then threatened or that the injunction would be of no avail to the parties seeking it. This same rule is stated in 28 Am. Jurisprudence, P. 201, to the effect that since equity interposes by injunction to prevent future rather than past acts, acts and practices will not as a rule furnish a basis for injunctive relief when they have been discontinued or abandoned, particularly where there is nothing to indicate a probability that they will be resumed. But where, notwithstanding such abandonment of the acts complained of, it appears that further wrongful acts of the same character are in effect threatened or can be reasonably apprehended, the suit will not be defeated.

Generally speaking, it is the condition of things at the time of the hearing rather than that existing at the time of the commencement of the suit which is material and which furnishes the basis for relief. The court is required to determine not merely whether the plaintiff was entitled to an injunction at the time he began the suit but whether the facts as they appeared at the time of the hearing warrant said relief and the court may ▆▆▆▆▆▆ ▆ refuse to grant an injunction where, since the commencement of the suit, conditions have so changed as to render an injunction useless and of no effect.

In the case of **State ex Apple v Pence, 137 Oh St 569,** decided February 5, 1941, the court held,

"In exercising the extraordinary power of mandamus a court should take into consideration the facts and conditions existing at the time it determines whether to issue a peremptory writ."

This case was originally in this court. This court then held that "plaintiff's rights must be determined as of February 11, 1939 and hence the subsequent action through which centralization was affected did not defeat the right". The Supreme Court held that in this ruling this court was in error and that where a court is asked to exercise the extraordinary power of mandamus it must take into consideration the facts and conditions existing at the time it determines whether or not a peremptory writ should issue. Many cases are cited supporting this proposition.

While the action in the Apple case related to a proposed annexation of school territory and involved a manda-

mus proceeding, yet we can not distinguish any difference between a principle that controls a court in a mandamus case and one which should control where injunctive relief is asked, such as in the case at bar. If all the matters complained of in the petition, which was the basis for prayer for injunction, have been eliminated so that the plaintiff admits that there is no present trouble arising from any of the causes alleged in his petition. the court is not justified in granting a permanent injunction on the theory that the defendant might, at some future date, again offend in the matter complained of. An assumption of what he will do in the future based upon a claim as to what he did in the past is not a safe ground upon which to base an order of the court granting injunction. If in the future there be a repetition of the offensive acts, the court is still open to hear the complaint of the property owner as to the acts of the defendant from which damages may arise.

The fact that we are not now willing to grant an injunction on the ground that the nuisance complained of no longer exists should not be regarded by counsel for the plaintiff as a defeat, for the simple reason that through the coercion of his law suit, he has accomplished the results sought, through the remedial actions of the defendant, so that there now exists nothing which was formerly the basis of his complaint. The defendant has voluntarily done that which plaintiff sought to compel him to do through an order of the court. The result is the same and the plaintiff is just as well off as if the court by its order had compelled the defendant to do that which it has done without, but probably in anticipation of, such an order.

The testimony of the other witnesses on behalf of the plaintiff was largely confined to an attempt to show what had been the former condition from which damage arose to the plaintiff's property.

Motion to dismiss filed at conclusion of plaintiff's testimony should be sustained.

It appears that the action of the defendant was the cause of the law suit and the defendant was really at one time practicing an offensive nuisance. We, therefore, are of opinion that the costs in the action in the court below and in this court should be taxed against the defendant.

BARNES and HORNBECK, JJ., concur.