HUGHES, APPELLANT, *v.* THE BALTIMORE & OHIO RD. CO., APPELLEE.

(No. 609—Decided April 16, 1951.)

*Messrs. Young & Young,* for appellant.
*Mr. G. Ray Craig,* for appellee.

FESS, J.   This is an appeal on questions of law from an order dismissing a second supplemental petition and also dismissing that portion of the original peti-

tion seeking an injunction. In his first cause of action plaintiff sought recovery of $2,500 as damages to trees and crops arising from the continuous flooding of his land with polluted water. In the second cause of action he sought an injunction restraining the defendant from further trespass upon his lands.

Prior to the trial, upon leave of court, plaintiff filed a supplemental petition setting forth an additional item of damages in the sum of $250 arising from the loss of trees and crops incurred since the filing of the original petition. The case came on for trial, and on December 12, 1949, judgment was entered upon a verdict in the sum of $1,000. Defendant paid that judgment. Thereafter, on September 12, 1950, plaintiff filed a second supplemental petition seeking recovery of $150 as damages to crops occurring subsequent to the verdict of the jury. The supplemental petition likewise alleged that during the summer of 1950 the defendant had constructed a dike which turned the flow of pollution so that it no longer passed over plaintiff's premises, and that, by reason of the previous flow during the times thereinbefore mentioned, the deposits of deleterious material permanently injured the soil and fertility of the land, causing damage in the sum of $2,000. The defendant moved to dismiss the case without further action and to dismiss the original petition and first supplemental petition for the reason that the cause had been fully adjudicated and the nuisance abated. Defendant filed a second motion to dismiss the second supplemental petition. The appeal is from the order granting the two motions.

It appears from the record that the issues made up under the first cause of action and first supplemental petition were tried to the jury, and judgment was rendered thereon, but the record discloses no action

with reference to the second cause of action seeking an injunction, except the allegation in the second supplemental petition to the effect that the pollution no longer flows over plaintiff's property.

Section 11368, General Code, authorizes the filing of a supplemental petition alleging facts material to the case which occur subsequent to the filing of the original petition. It does not, in terms, authorize the setting forth of a new cause of action upon facts occurring after the commencement of the action. Furthermore, a supplemental petition is ancillary to the original petition. Its office is to bring before the court some event that has happened subsequent to the commencement of the suit. *Gibbon, Admr.*, v. *Dougherty*, 10 Ohio St., 365, 372. A new and different cause of action can not be set forth by a supplemental petition. *Hiler* v. *Hiler*, 14 Ohio App., 174; *Bullock* v. *Kilgour*, 39 Ohio St., 543.

The $150 item of damages to crops occurring after the judgment might have properly been presented in a supplemental petition prior to the trial of the case, but the item of $2,000 for damage to the soil was in existence at the time the original petition was filed and is not an item setting forth facts material to the case occurring subsequent to the filing of the petition. Whether the damage to the soil is regarded as merely an additional item of damage or as a separate cause of action, plaintiff might have elected to have included it in his original petition by way of amendment, under Section 11306, General Code, permitting joinder of causes of action. But, having omitted to include it before trial, he can not assert it by supplemental petition. Without so determining on this appeal, it may be that, if the subject matter of damage to his soil was not included in the issues submitted to the jury, the cause of action may be the subject of a new suit.

It is contended that inasmuch as the second cause of action was undetermined and is still pending, the filing of the supplemental petition is ancillary to the cause of action for injunctive relief. Were the first cause of action still pending, it is possible that, by way of amendment, plaintiff could claim additional damages incident to his claim for equitable relief, but the second supplemental petition as drawn merely seeks to recover additional damage and is not so drawn as to be ancillary to his equitable action.

Apparently the defendant is not relying upon the provisions of the statute which requires consent to be first obtained before the filing of a supplemental petition. Nevertheless, the statute does make such requirement, and that portion of the order dismissing the supplemental petition is justified upon that ground alone. However, the second cause of action should not have been summarily dismissed until such time as it should be made to appear to the court, after due hearing, that relief under the second cause of action is no longer required.

That portion of the judgment dismissing the second supplemental petition is affirmed, and that portion relating to injunctive relief is reversed, and the cause remanded for further proceedings.

*Judgment accordingly.*

CONN, J., concurs.
CARPENTER, J., concurs in part and dissents in part.

CARPENTER, J. I concur that the second cause of action in the petition was not disposed of, either by proper pleading or evidence, and that the order dismissing

it was error and should be reversed. That cause being pending as an equitable issue, the damage to the land itself as alleged in the second supplemental petition was incidental to that pending cause of action and such issue should be disposed of as a part of it. It was a cause of action for damage to the land resulting from a continuing and permanent nuisance. It was separate and different from the damage that arose from the loss of growing crops and timber. It required different evidence to prove it and a different measure of damages. The two causes were analogous in principle to the two causes of action of injuries to person and damage to property, which may be caused by the same tortious act. Paragraph four of the syllabus, *Vasu* v. *Kohlers, Inc.,* 145 Ohio St., 321, 61 N. E. (2d), 707.

Also, relief of this character in an equitable action is such as is demanded by the nature of the case and the facts as they exist at the close of the litigation. *Oliver* v. *City of Cincinnati,* 12 Ohio App., 432 (motion to certify overruled); *Antol* v. *Dayton Malleable Iron Co.,* 34 Ohio Law Abs., 495, 38 N. E. (2d), 100.

I would reverse the order dismissing the second supplemental petition as to that item of damages.