**ANSPACH, Admrx., Plaintiff-Appellant, v. ST. BERNARD (City), Defendant-Appellee.**

Ohio Appeals, First District, Hamilton County.

No. 7481. Decided October 22, 1951.

John J. Rivers, Cincinnati, for plaintiff-appellant
Joseph F. Rusche, Cincinnati, for defendant-appellee.

## OPINION

By ROSS, J.:

An action for damages was commenced by the plaintiff named in the above entitled cause against the defendant municipality; it being alleged that such plaintiff was injured by reason of the failure of the defendant municipality to keep a certain street therein in repair. This action was instituted to recover damages for **injuries to the person** of the then plaintiff. The original plaintiff above named in the title of this case died and one Sylvia Anspach was appointed administratrix of Kate Lewis, the above named plaintiff. Upon motion, suggesting the death of such original plaintiff and request for revivor in the name of her administratrix, Sylvia Anspach was substituted as plaintiff in the action, which was thereupon revived in her name. She filed an amended petition seeking to recover damages for **injuries to the person** of her decedent, caused by the failure of the defendant municipality to keep a certain street within its boundaries in repair.

A demurrer was filed by the defendant to such amended petition on the ground that no cause of action against the defendant was stated therein—"in that the plaintiff has died and by virtue of her death the alleged cause of action is abated."

The demurrer was sustained by the trial court and the plaintiff, not desiring to plead further, the "cause" was "dismissed with prejudice."

An appeal on questions of law from such judgment is now before this court and is here considered.

It would seem from what is said in the briefs and stated in argument that the basis for such action by the trial court is that the cause of action stated by the substituted plaintiff is an action for nuisance, and that under the provisions of §11397 GC, such action abates with the death of the plaintiff. The major portion of the briefs and argument is devoted to adverse contentions upon the question of whether or not the action is one predicated upon nuisance or mere negligence.

In view of the conclusions of this Court, expressed hereinafter, it becomes unnecessary to determine this question.

**Sec. 11397 GC,** provides:

"**Unless otherwise provided,** no action or proceeding pending in any court shall abate by the death of either or both of the parties thereto, except actions for libel, slander, malicious

prosecution, for a nuisance, or against a justice of the peace for misconduct in office, which shall abate by the death of either party." (Emphasis added.)

The underscored portion of this Section is of particular moment. Such Section is a part of Part Third of the General Code, (Remedial).

**Sec. 11235 GC**, provides:

"In addition to the causes which survive at common law, causes of action for mesne profits, or **injuries to the person** or property, or for deceit or fraud, shall also survive; and the action may be brought notwithstanding the death of the person entitled or liable thereto." (Emphasis added.)

**Sec. 11401 GC**, provides:

"If before judgment, one of the parties to an action dies, or his powers as a personal representative cease, but the right of action survives in favor of or against his representatives or successor, the action may be revived, and proceed in the name of such representatives or successor."

Now if the phrase "for a nuisance" appearing in §11397 GC, may be construed as including an action for personal injuries, the result of a nuisance (which may be seriously doubted as hereinafter noted) then obviously the provisions of §11235 GC, and §11401 GC, are within the purview of the opening words of §11397 GC, supra, "unless otherwise provided," for the action here in question is one for "injuries to the person" of plaintiff's decedent. In **11235 GC**, supra, it is definitely and specifically provided, without qualification—that such an action for "injuries to the person" survives the death of the person suffering such injuries. **Sec. 11401 GC**, supra, provides that when an action survives, as the instant action undoubtedly does, it may be revived in the name of the personal representative.

In view of the fact that all these sections noted were, in general substance, a part of the Act of March 11, 1853 (51 Laws of Ohio, pages 57 and 166) and of the amendment thereto in 90 Laws of Ohio, p. 140, it is unreasonable to suppose that the Legislature could have intended to pass conflicting statutes, or even that it did so. On the contrary, it would seem more reasonable to suppose that having sustained survivorship of actions for "injuries to the person" in one section (See 51 Laws of Ohio, p. 122; 90 Laws of Ohio, p. 140, post) that in the next section when it provided abatement "for a nuisance" (51 Laws of Ohio, p. 122; 90 Laws of Ohio, p. 140, post) that the Legislature intended by use of the latter expression "for a nuisance" to limit abatement to those actions in which nuisance was the essential subject of the

action, rather than merely a proximate cause of injuries to the person. In other words, actions for the abatement of a nuisance were in the contemplation of the Legislature when the words "for a nuisance" were used.

The original text of these acts and the amendments in 90 Laws of Ohio develop clearly a perfect consistency and show that none of them, as finally amended in 1893, and as now in force, are in conflict with one another.

Secs. 11235 (R. S. 4975), 11,397 (R. S. 5144) and 11401 (R. S. 5148), GC, are all, in substance a part of the Act of March 11, 1853 (51 Laws of Ohio, p. 166) "To Establish A Code of Civil Procedure" (51 Laws of Ohio, p. 57).

Under Title XII of this Act "Causes of Action which Survive and Abatement of Actions," §398 (R. S. §4975) §11235 GC, 51 Laws of Ohio, p. 122, provides:

"In addition to the causes of action which survive at common law, causes of action for mesne profits, or for an injury to real or personal estate, or for any deceit or fraud, shall also survive, and the action may be brought notwithstanding the death of the person entitled or liable to the same."

The next section, Section 399 (R. S. 5144—§11397 GC—Id.) provides:

"No action pending in any court, shall abate by the death of either or both of the parties thereto, except an action for libel, slander, malicious prosecution, assault, or assault and battery, for a nuisance, or against a justice of the peace for misconduct in office, which shall abate by the death of the defendant."

Under Title XIII "Revivor," section 402 (R. S. 5148—§11401 GC, 51 Laws of Ohio, p. 123) it is provided:

"When one of the parties to an action dies, or his powers as a personal representative cease before the judgment, if the right of action survive in favor of or against his representative or successor, the action may be revived, and proceed in their names."

Now, on April 5, 1893, the Legislature amended the first two of these sections (90 Laws of Ohio, p. 140), and in such amendment the original sections were given as noted. The number used in the Revised Statutes of Ohio, original section 398 of the Act of 1853 becomes Section 4975, R. S., and is now §11235 GC. It will be noted, however, that instead of the words "injury to real or personal estate," used in the Act of 1853, the Legislature in the Act of 1893 used the words "injuries to the person," as they now appear in §11235 GC.

Original Section 399 of the Act of 1853 became Section 5144, R. S., now §11397 GC.

Section 402 of the Act of 1853 has been essentially in its present form a part of the law of this State for many years, for on March 23rd, 1840, the Legislature passed an act "To Provide For The Settlement of the Estates of Deceased Persons." (38 Laws of Ohio, p. 146). Sections 240 and 241 of this Act (id. p. 186) provide:

"When an executor or administrator shall die, be removed from office, or resign, or when his letters shall be revoked during the pendency of any suit in which he is a party, the suit may be prosecuted by or against the administrator appointed in his place, if any shall be appointed, in like manner as if it had originally been commenced by or against such last administrator."

"The proceedings in such case, with respect to the appearance of the administrator de bonis non, whether voluntary, or upon citation, and with respect to making an administrator party defendant upon citation, after default to appear, shall be conducted in the manner prescribed in the act entitled, 'an act to regulate the practice of the judicial courts,' upon occasion of the death of either party during the pendency of a suit."

It will be noticed that in Section 5144 of the Act of 1893 (90 Laws of Ohio, p. 140) the Legislature in order to obviate any misunderstanding or possible conflict between that Section (Sec. 5144) and Section 4975, next preceding, inserted the words "Except as otherwise provided" essentially the words now found in §11397 GC, "Unless otherwise provided."

This explains the holding in the case of **Village of Cardington v. Adm'r of Fredericks, 46 Oh St, 442,** decided by the Supreme Court May 21st, 1889. It was because of the construction of the provisions of Section 5144, R. S. (§11397 GC) by the Supreme Court in the Village of Cardington v. Adm'r of Fredericks, supra, that the Legislature thus in 1893 inserted the words in that section "Except as otherwise provided" thus excluding from its operation actions for "injuries to the person."

Again, it should be noted that R. S. 4975 (§11235 GC) applied prior to the 1893 Act to actions for "injury to the real or personal estate," not as clearly applicable to many cases as the words "injuries to the person" as used in the amendment of 1893, and now present in §11235 GC.

Even in the state of the law existing in 1889, it is stated on page 449 of the opinion in the case of Village of Cardington v. Adm'r of Fredericks, supra:

"The question is not without difficulty, and much may be said on the other side, but, as conclusion, upon the grounds

stated, we think the action abated upon the death of plaintiff by force of Sec. 5144."

This case has been cited with approval many times by the Supreme Court. Almost in every instance it was noted as authority for the existence of a cause of action by one injured in the manner detailed in the statement of facts involved in the Village of Cardington case. It is significant that in no instance has it been cited as an authority by the Supreme Court for the proposition contended for by appellee in the instant action—to-wit that an action for damages for "injuries to the person" is abated even if such action is predicated upon a charge of nuisance.

It must be apparent that the Legislature in 1893 completely abrogated any effect in this respect which the case of **Village of Cardington v. Adm'r of Fredericks, 46 Oh St, 442,** may have had up to that time. The statutory predicate for the ruling in that case upon the issue of abatement no longer exists. Thus, it clearly appears that all actions, where "injuries to the person" constitute the subject of action are excluded from the operation of §11397 GC (R. S. 5144—90 Laws of Ohio, p. 140), whether the action is predicated upon nuisance or negligence.

The instant action, therefore, being one in which the cause of action is predicated upon "injuries to the person" caused by the defendant is one which survives under the provisions of §11235 GC (R. S. 4975—90 Laws of Ohio, p. 140), and therefore may be revived under the provisions of §11401 GC (R. S. 5148—38 Laws of Ohio, p. 186) Sections 240, 241—51 Laws of Ohio, p. 123, Section 402, and that §11397 GC (R. S. 5144—51 Laws of Ohio, p. 122, Section 399—90 Laws of Ohio, p. 140), by its terms excludes from abatement the instant action because it is one for "injuries to the person" of the decedent.

Although it may not be necessary to employ the provisions of §10214 GC (51 Laws of Ohio, p. 57, sec. 2), to aid in reaching the conclusions herein reached, it may not be amiss to note the language of such section, which provides:

"The provisions of part third and all proceedings under it, shall be liberally construed, in order to promote its object, and assist the parties in obtaining justice. The rule of the common law, that statutes in derogation thereof must be strictly construed has no application to such part; but this action shall not be so construed as to require a liberal construction of provisions affecting personal liberty, relating to amercement, or of a penal nature."

The sections of the Code herein involved are, of course, a part of Part Third of the Code.

Again, in what has been said herein, it is to be understood that no opinion is stated as to whether the instant action is predicated upon nuisance or negligence. A finding upon this question, if such question exists, is not necessary as a predicate to the conclusions herein reached.

The judgment of the trial court is reversed, and the cause remanded to that Court with instructions to overrule the demurrer to the amended petition upon the grounds stated in such demurrer, and for such further proceedings as may be in accordance with law.

HILDEBRANT, PJ, MATTHEWS & ROSS, JJ, concur in syllabus, opinion & judgment.