Bell, Appellant, *v.* Cincinnati Transit Co. et al., Appellees.

(No. 8423—Decided May 19, 1958.)

*Messrs. Cowell & Fletcher* and *Mr. Lee J. Hereth,* for appellant.

*Mr. C. R. Beirne,* for appellee Cincinnati Transit Company.

*Messrs. Rendigs, Fry & Kiely,* for appellee Robert H. Tanner.

Matthews, J.   This action was filed on September 7, 1956, against The Cincinnati Transit Company and Robert H. Tanner, alleging that on August 20, 1955, plaintiff was a passenger upon one of the buses which the transit company operated as a common carrier of passengers, that she was injured in a collision between the bus and a truck owned and operated by the defendant Robert H. Tanner, and that the collision was caused through the concurrent negligence of the defendants.

On October 4, 1956, the defendant Tanner answered, admit-

ting the collision and that the plaintiff received some injury, but denying negligence on his part. The Cincinnati Transit Company has filed no answer, thus leaving the plaintiff at liberty to amend her petition, without leave. Section 2309.55, Revised Code.

On December 5, 1956, Charles Bell suggested to the court that Mollie Bell had died on October 1, 1956, and moved the court that the action be revived in his name as administrator of her estate and that he be substituted as plaintiff, which was accordingly done, without objection or exception.

On December 12, 1956, Charles Bell, as administrator, filed a "supplementary" petition in which he alleged that from the time of filing her petition in this action to the time of her death Mollie Bell continued to suffer from the injuries set forth in her petition, and, as an additional cause of action for the benefit of himself as the surviving spouse of Mollie Bell and of their daughter, he alleged that he and his daughter Nancy were the only surviving next of kin, and that the death of Mollie Bell was caused directly by the concurrent negligence of the defendants as alleged in her petition, and prayed judgment for $50,000 thereon. The defendants were duly served with summons on the filing of this pleading.

The defendant Cincinnati Transit Company filed no answer to either the original petition or to the "supplementary" petition, but on February 21, 1957, filed a motion to strike the latter from the files "for the reason that such supplementary petition is not authorized by law."

On January 3, 1958, the court granted the motion, and the action for wrongful death was dismissed, at plaintiff's costs. It is from that judgment that this appeal was taken.

In the memorandum attached to the motion to strike, the reason assigned for striking the supplementary petition from the files is that the pleader used the original caption. The claim is that the name of the administrator should have been substituted as plaintiff. However, in the appellee's brief in this court, additional errors in the proceedings are assigned to sustain the action of the court in striking the supplementary petition from the files and dismissing the action for wrongful death. We will consider these errors.

(1) It is urged that on revivor of this action, after the death of Mollie Bell, the caption should have been changed on filing the supplemental petition to show that the administrator of her estate was continuing the litigation. We think a sufficient answer to this contention is found in the Code of Civil Procedure which was enacted in 1853 and has remained unchanged to this day, and is now Section 2307.03 of the Revised Code, by which it is provided that: "In every civil action the party complaining shall be known as the 'plaintiff,' and the adverse party as the defendant. *The title of the cause shall not be changed in any of its stages.*"

Counsel rely on the provisions of Section 2311.25, Revised Code, relating to revivor of actions, in which it is provided that the action may be revived "and the action proceed in the name of such representatives or successor," and the case of *Lewis* v. *St. Bernard*, 91 Ohio App., 376, 108 N. E. (2d), 293, 157 Ohio St., 549, 106 N. E. (2d), 554. But neither the statute nor the case related in any way to the form of the pleading, and, as the record shows, the caption was not changed at any stage in the cited case.

(2) The procedure by which this action was revived is questioned, but we find no substantial deviation from the statute in that regard, and no objection was made at the time.

(3) It is claimed that, as the cause of action for wrongful death was not in existence when this action was commenced, it cannot be brought into this revived action by any form of amendment or supplement to the petition. This contention finds no support from the fact that the two actions will be prosecuted for the benefit of different classes. Section 2309.05, Revised Code, as amended (126 Ohio Laws, 587), effective September 14, 1955, removed this objection to joinder by expressly providing that, "Claims by an * * * administrator for the wrongful death of his decedent under Sections 2125.01 to 2125.04, inclusive, of the Revised Code, and for injuries to the person or property, or both, of his decedent, surviving under Section 2305.21 of the Revised Code, when both claims arise out of the same wrongful act or acts," may be joined.

It is clear that had Mollie Bell not filed this action for damages, her administrator could have joined in one action the two

causes of action, notwithstanding the two causes of action were for the benefit of different classes. It is also clear that he can continue this action and institute a separate action based on the wrongful death statute.

By Section 2309.64, Revised Code, it is enacted that: "When two or more actions are pending in the same court, on motion and notice to the adverse party, the defendant may require him to show why they should not be consolidated. If it appears that, at the time the motion is made, the actions could have been joined, and if the court finds that they ought to be joined, they shall be consolidated."

In view of this statute, can it be doubted that the court would sustain a motion to consolidate? The burden of showing a just cause why the actions should not be consolidated is placed upon the plaintiff, and, in the absence of such showing, the court would have no choice. It would be an abuse of discretion not to order a consolidation.

The trial court relied upon the cases of *Hughes* v. *Baltimore & Ohio Rd. Co.,* 90 Ohio App., 278, 105 N. E. (2d), 665, and *Mc-Guire* v. *Louis Snider Paper Co.,* 4 N. P., 262, 6 O. D., 392, as holding that a new cause of action could not be set up by way of a supplemental petition. An examination of the former case will disclose that the supplemental petition was filed after a jury had assessed the damage caused by a nuisance, and judgment rendered, which the defendant had satisfied, and the plaintiff thereafter sought to recover damages occurring thereafter from the same nuisance. Attempting to continue litigation after final judgment is entirely different from amending or supplementing a pleading in a pending action.

In the other case (*McGuire* v. *Louis Snider Paper Co., supra*), the court overruled the motion to strike the first supplemental petition from the files, notwithstanding it was filed without leave of court or notice, the court saying: "It is the uniform practice of courts of justice to allow either party to amend his pleading at any time before judgment, so as to present any fact that may be necessary to his cause or defense. It is a wholesome practice and should be encouraged, unless some statutory provision may intervene, or some injustice may be done in view of the surroundings of the parties to the action." The court did sus-

tain a motion to strike a second supplemental petition from the files, but the report does not make clear what the allegations were except the statement that it was a "new cause of action" and one "to which the plaintiff was not entitled when he commenced his action." The court cites only one case in support of its ruling (*Tiffany* v. *Bowerman,* 9 N. Y. [2 Hun.], 643), and that case gives a hint of the reason for the court's decision. In *Tiffany* v. *Bowerman,* the plaintiff, after the court had announced its decision dismissing the complaint, sought to interpose a claim which he had obtained by assignment during the pendency of the action. The court held that this could not be done.

We are of the opinion that the cases relied upon by the trial court are inapplicable to the facts presented by this record and that the trial court misconstrued them and was misled thereby.

(4) Finally, the defendant, appellee herein, urges that an action cannot be revived by supplemental petition upon the death of a plaintiff and that this pleading is designated "supplementary" and should, for that reason, be stricken from the files. A sufficient answer to this contention is that this pleading was not filed as a part of the revivor process. The action had been revived already by suggestion of death and motion to revive, and entry granting revivor, as provided in Section 2311.26, Revised Code. The filing of this pleading was justified by the necessity of alleging the action for wrongfully causing death.

Furthermore, the description of a pleading by the pleader is not controlling. The law supplies the descriptive term to be applied to the facts alleged.

In 71 Corpus Juris Secundum, 725, Section 327, it is said: "*Whether a pleading is amendatory or supplemental* must be determined from its substance, rather than from the title given it by the pleader; thus, mere misnomer in designating a pleading as a supplemental pleading instead of an amended pleading or vice versa will have no effect where the substantial rights of the parties are not affected thereby * * *."

For these reasons, we have concluded that the court erred in striking the supplementary petition from the files and dismissing the action for wrongfully causing death.

The judgment of the Court of Common Pleas is reversed

234

and the cause is remanded for further proceedings according to law.

*Judgment reversed.*

HILDEBRANT, P. J., and LONG, J., concur.